## In re MIDDLE WEST UTILITIES CO.
### No. 1112.

District Court, D. Delaware.
Nov. 19, 1934.

John J. Morris, Jr., of Wilmington, Del., and Thomas V. Sullivan and Morris Schaeffer, both of Chicago, Ill., for petitioning creditors.

Hugh M. Morris and Ivan Culbertson, both of Wilmington, Del., for debtor, trustee, and receivers of debtor.

NIELDS, District Judge.

Three creditors of Middle West Utilities Company filed a petition seeking a reorganization of the company under section 77B of the Bankruptcy Act (11 USCA §

207). By way of answer, a paper was filed styled "The Answer of Middle West Utilities Company, the above-named debtor," signed and verified by Charles A. McCullough and Charles F. Curley, as receivers in equity of the debtor, and by Daniel C. Green, trustee of the debtor. At the hearing petitioning creditors moved "to strike out the answer * * * on the ground and for the reason that the said answer is not an answer and does not purport to be an answer of the debtor corporation; but it purports to be the answer of the receivers for the Middle West Utilities Company and for the trustee in bankruptcy for the Middle West Utilities Company." The answer may be open to criticism as to form, yet in substance it is a sufficient answer. The trustee of the debtor was specifically authorized and empowered by the order of his appointment "to appear in and defend any and all suits or proceedings now pending or hereafter commenced in any court * * * against said debtor * * * the prosecution or defense of which may in the judgment of said trustee be necessary for the proper protection of the property and business" of the debtor.

June 14, 1934, a creditors' petition under section 77B was filed against the debtor at Chicago in the District Court of the United States for the Northern District of Illinois. That district was the principal place of business of the debtor and one of the three territorial jurisdictions where an original petition against the debtor could be filed. June 30, 1934, the debtor filed its answer to that petition admitting the jurisdiction of the court and the material allegations of the petition. Thereupon the court entered an order approving the petition as properly filed under section 77B and on the same day appointed Daniel C. Green trustee. Since this appointment the trustee has administered the estate of the debtor.

October 4, 1934, a creditors' petition was filed in this court. Subdivision (a) of section 77B (11 USCA § 207(a) provides that creditors may file a petition "if such corporation has not filed a petition or answer under this section." The debtor filed an answer to a creditors' petition in Illinois, and the court there approved the petition and appointed a trustee. It follows that a creditors' petition cannot be filed here.

Moreover, subdivision (a) further provides: "Upon the filing of such a petition or answer the judge shall enter an order either approving it as properly filed under

this section if satisfied that such petition or answer complies with this section and has been filed in good faith, or dismissing it. If the petition or answer is so approved, an order of adjudication in bankruptcy shall not be entered and the court in which such order approving the petition or answer is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section. * * * "

The District Court of Illinois acquired exclusive jurisdiction.

The motion to strike the answer must be denied, and the creditors' petition must be dismissed.